THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-188-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARCUS ANTONIO McNEILL, | ) | |
| Defendant. | ) | |

Marcus Antonio McNeill ("McNeill") was convicted of drug trafficking on January 30, 2009,[1] and sentenced April 28, 2009, to a term of 420 months imprisonment on each of Counts One and Five, to run concurrently See Judgment [DE-49]. His conviction and sentence were affirmed on appeal. *See United States v. McNeill*, 372 Fed. App'x 420 (4th Cir. 2010). The United States Supreme Court denied his petition for writ of certiorari on June 21, 2010. *See United States v. McNeill*, 130 S. Ct. 347 (2010).

On November 10, 2011, the clerk of this court received a letter [DE-63] from McNeill, postmarked November 8, 2011, in which he inquired about a "habeas corpus petition (28 U.S.C. § 2255)" he had filed six months earlier (May 2011) in Indiana. On December 5, 2011, the clerk of this court received from McNeill a "Motion to Accept Petition for Writ of Habeas Corpus and Sworn and Incorporated Memorandum of Law as Timely Filed." [DE-64]. Therein, McNeill explains in some detail why he missed the one-year deadline to file his § 2255.

According to McNeill's verified motion, he paid two different lawyers to assist him in filing "a petition for writ of habeas corpus" on his behalf but neither arrangement resulted in a

---

[1] On the second day of his trial, McNeill pled guilty to Count Five, distribution of more than five grams of cocaine base (crack). On the same day, the jury convicted him of conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack) and more than five kilograms of cocaine as charged in Count One, and found him not guilty on Count Six, attempt to distribute a quantity of cocaine. *See* [DE-40 & -42].

motion being filed.[2] McNeill then enlisted the assistance of an inmate with whom he was housed at the United States Penitentiary in Terre Haute, Indiana, "to prepare a petition for writ of habeas corpus and an incorporated memorandum of law that he could file pro se." Motion [DE-64] p. 2. Attached to the instant motion is a copy of the § 2255 motion and memorandum McNeill avers he mailed to the Clerk of Court for the Southern Division of Indiana, on the advice of his inmate-helper, Brother Bey, on May 23, 2011. He explains, "the inmate instructed petitioner that he must file the petition in the United States District Court in Terre Haute, Indiana, because that is the district where the petitioner is housed by the Federal Bureau of Prisons." *Id.* The 51-page § 2255 motion is accompanied by a motion to exceed page limit.

After expiration of the one-year limitations period, McNeill learned that a § 2255 motion in fact must be filed in the district in which the *sentencing* court is located. *See* 28 U.S.C. 2255 (a) (stating that motion for relief must be filed in "the court which imposed the sentence").[3]

---

[2] Specifically, McNeill states in his verified motion that he paid a named attorney a state sum in or around February 2010, to prepare a petition for writ of habeas corpus, but that the attorney never filed a petition. McNeill goes on to aver that he paid another named attorney a larger sum of money to evaluate his case, but that when she quoted him a $45,000.00 fee in January 2011, he abandoned the attempt to hire her. *See* Motion [DE-64] at p. 1. This second attorney notified McNeill in her 11-page, January 28, 2011, that "**Any 2255 petition is due on or before June 21, 2011.**" *Id.*, Exhibit A, p. 2.

[3] It is not apparent from the record whether the Matthew Bender & Company § 2255 form McNeill used included instructional language similar to that attached to the official § 2255 form appended to the Federal Rules Governing Section 2255 Proceedings, used in this district:

> You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

Rules Governing Section 2255 Proceedings, Appendix of Forms. Rule 2 (a) requires that "[t]he [§ 2255] motion must substantially follow either the form appended to these rules or a form prescribed by a local district court rule. The clerk must make forms available to moving parties without charge."

2

Case 5:08-cr-00188-F   Document 65   Filed 12/13/11   Page 2 of 5

*See also* Rule 4(a), Rules Governing § 2255 Proceedings ("[t]he clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence ....").[4]

In short, McNeill contends that he prepared a timely § 2255 motion filed it in the wrong court, in reliance on the erroneous advice of a fellow inmate. He therefore seeks the equitable tolling of the one-year limitations period in order that his § 2255 motion be deemed timely and ultimately adjudicated on its merits.

## Analysis

Equitable tolling, in rare circumstances, may excuse a failure to comply with the strict requirements of § 2255's statute of limitations. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549 (2010) *see also Rouse v. Lee*, 239 F.3d 238 (4th Cir. 2003) (*en banc*). *Holland* affirmed that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 2554. The Court determined that, in order to be entitled to equitable tolling, a § 2255 movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 2562.

*Holland* also addressed whether attorney misconduct could satisfy the "extraordinary circumstance" requirement. *Id.* at 2564–65. Answering the question in the affirmative, the Court held that, while the attorney misconduct must be more egregious than a " 'garden variety claim of excusable neglect,' " the requirement might be met by a showing of an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable request, to keep his clients informed of key developments in their cases, and to never abandon a client. *Id.* at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

---

[4] On the other hand, a "true" petition for writ of habeas corpus under 28 U.S.C. § 2254 or § 2241 *is* required to be filed in the district in which the inmate is incarcerated.

Here, no attorney has made a notice of appearance for McNeill with regard to any post-conviction proceeding. The record reflects, however, that McNeill has known, *at least* since February 2011,[5] that the deadline for filing a § 2255 motion was June 21, 2011. Therefore, he had four months within which to cause a timely motion to be filed. Furthermore, as noted above, the official pre-preprinted form contains explicit directions when and where to file a § 2255 motion.

That pre-printed form also specifically advises as to each alleged ground for relief, "Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim)." Exhibit B to Motion [DE-64], p. 3. Use of the published forms is required because the forms were specially designed to be completed by *pro se* applicants. No knowledge of law is required; a sufficient § 2255 motion contains only a description of the *facts* within the applicant's knowledge that support his claim for relief from his conviction and/or sentence.

McNeill explains the delay in filing resulted from his reliance on the advice of fellow inmate, "Brother Bey," who at that time was housed with him in the BOP facility in Terre Haute, Indiana. He contends he only turned to Brother Bey after two failed attempts to retain an attorney to pursue post-conviction relief on his behalf. However, McNeill has not explained how his misplaced reliance on Brother Bey's advice could be considered an "extraordinary circumstance" under *Holland*, particularly in light of the specific filing instructions printed on the form § 2255 pleading and in the Rules Governing § 2255 Proceedings. Accordingly, because McNeill acknowledges that the statute of limitations expired for filing a timely § 2255 motion on June 21, 2011, and that he failed to file such a motion in the appropriate court on or before that date, together with this court's determination that McNeill has failed to describe circumstances

---

[5] Attorney Marcia G. Shein's letter, dated January 28, 2011, responding to McNeill's inquiry regarding assistance in filing a § 2255 action, informed McNeill, *inter alia*, that **"Any 2255 petition is due on or before June 21, 2011."** Letter, Exhibit A to [DE-64] (emphasis in original).

that would permit an equitable tolling of the limitations period, McNeill's Motion to Accept Petition [DE-64] is DENIED.

## Certificate of Appealability

A certificate of appealability ("COA") may issue under 28 U.S.C. § 2253(c)(1)(A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When a district court dismisses a § 2255 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684-85 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).

While McNeill is entitled to appeal this order, he has not made the requisite showing for issuance of a certificate of appealability. Such certificate therefore is DENIED.

SO ORDERED.

This, the __12__ day of December, 2011.

JAMES C. FOX
Senior United States District Judge